**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| KINDHEARTS FOR CHARITABLE HUMANITARIAN DEVELOPMENT, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HENRY M. PAULSON, in his official capacity as the Secretary of the Treasury, | ) |
| ADAM J. SZUBIN, in his official capacity as the Director of the Office of Foreign Assets Control, and | ) |
| MICHAEL B. MUKASEY, in his official capacity as the Attorney General of the United States, | ) |
| | ) |
| Defendants. | ) |

3 : 0 8 C V 0 2 4 0 0

JUDGE JAMES G. CARR

**MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION**

Plaintiff moves under F.R.Civ.P. 65 for a temporary restraining order and preliminary injunction order preserving the status quo and enjoining defendants, and each of them, from designating plaintiffs as a "Specially Designated Global Terrorist" until plaintiff is provided constitutionally adequate due process. The grounds and terms of the requested orders are set out below and explained more fully in the Declaration and the Memorandum accompanying this motion.

**I. Circumstances warranting relief.**

This motion arises from the following circumstances, which are established by the Declarations filed in support of this Motion:

(1) More than two and a half years ago, the Treasury' Department's Office of Foreign Assets Control ("OFAC") froze all of the assets of the plaintiff, KindHearts, a charitable non-profit corporation based in Toledo, asserting only that KindHearts was "under investigation". Government agents also seized all of Kind Hearts' records and documents.

(2) Since that time, KindHearts has had no access to its assets and is forbidden from operating.

(3) More than a year after it froze KindHearts' assets, OFAC informed KindHearts that it had completed its investigation and had decided to "provisionally designate KindHearts as a "specially designated global terrorist" ("SDGT"), again without providing KindHearts with the basis for the designation or an opportunity to respond.

(4) In the 31 months since the freeze was imposed, the government has given KindHearts no meaningful information about the putative basis for the threatened designation or the freeze, leaving KindHearts in limbo. The government's threatened designation is largely based on classified information. Despite repeated requests from KindHearts' counsel, the government has refused to provide any accommodation that would allow KindHearts to defend itself meaningfully by, for example, authorizing KindHearts' counsel to review the classified evidence subject to security clearances and a protective order. The government has been steadfast in denying KindHearts information and a meaningful opportunity to respond.

(5) In April of this year, the government belatedly allowed KindHearts' counsel access to a subset of their clients' own documents, but only subject to a Protective Order

of this Court that sharply limits counsel's access and use, including preventing counsel from showing the client its own documents and conferring with the client about their content and import.

(6) KindHearts' continued existence under the threatened designation and the freeze is constitutionally intolerable. The government's actions infringe KindHearts' constitutional rights to due process and free association. KindHearts' efforts to cooperate with the government to address the constitutional problems have been unavailing, leaving KindHearts to live under the unexplained and unsupported threat of designation, a threat that, if acted upon, would effectively ruin KindHearts.

(7) Hence, KindHearts has reluctantly filed this civil action to bring these important constitutional questions the court for adjudication.

## II. Grounds for temporary and preliminary injunctive relief.

This motion seeks only to preserve the status quo and prevent the government from designating KindHearts in response to this filing, after having done nothing other than freeze the assets, seize documents, and threaten designation for 31 months. The grounds for this motion, which are set forth in detail in the accompanying Memorandum, are as follows:

(1) KindHearts is **likely to succeed on the merits** of its claim.

(a) The statute and executive order under which the government claims the authority to impose the threatened SDGT designation on Kind Hearts are so vague as to provide virtually unchecked authority, and are unconstitutional, on their face and as applied to KindHearts. The statutory and regulatory framework grants midlevel officials of the executive branch almost unfettered discretion to seize the

3

assets of domestic corporations without notice, without probable cause, and without hearing. The manner in which the government acted in this instance exacerbated these constitutional failings.

(b) The government's failure to provide KindHearts with notice, hearing, and a meaningful opportunity to defend itself violates due process.

(c)The government's reliance on classified information as the basis for its threatened designation violates due process and the Administrative Procedure Act.

(d) The government's restrictions on KindHearts ability to defend itself violates due process and the APA.

(2) KindHearts will suffer **immediate and irreparable harm** if the immediate injunctive relief is not granted and the government designates it a specially designated global terrorist. This designation itself and the stigma attached to it will likely destroy KindHearts' ability to function as a charitable organization. No post-designation process and subsequent lifting of the designation can undo that damage.

(3) A stay on designation will **not harm the government**. The government has frozen KindHearts' assets and effectively prohibited it from undertaking any transaction. The government will in no way be harmed by being enjoined from converting its threatened designation into an actual designation because there is no material difference between KindHearts' current status as blocked pending investigation and the status it would have if OFAC were to designate it a specially designated global terrorist. In both instances, KindHearts' assets are frozen and entirely subject to the government's control and in both instances, it is a crime for anyone to enter into any transaction with KindHearts. On the other hand, designation could destroy KindHearts.

4

(4) The **public's interest** is advanced by immediate injunctive relief. The public's abiding interest is in the constitutional functioning of the governmental officials who act in the name and interest of the public. And the public has an acute interest in judicial review of the constitutionality of actions such as those taken against KindHearts. The government has shown a propensity to respond to challenges of asset freezes and threatened designations by formally designating the plaintiffs and then arguing that their challenges to the government's action are moot. The public interest will be served by ensuing that in this egregious instance the government does not act in this manner and thereby avoid accountability by insulating its actions from judicial review.

**III. Terms of the order.**

For the foregoing reasons, plaintiff moves for a temporary restraining order and preliminary injunction, enjoining the defendants, and each of them, and all those acting in concert with them, as follows:

(1) From taking any action to effect the designation of KindHearts as a Specially Designated Global Terrorist without first affording KindHearts with constitutionally adequate process, including notice sufficiently specific to inform KindHearts of the factual and legal basis for the threatened designation, and a meaningful opportunity to contest that basis, including access to all documents and other information upon which it is putatively based.

(2) From taking any other adverse action against KindHearts during the pendency of this proceeding without affording KindHearts constitutionally adequate process.

A proposed order, reflecting these terms, is attached.

_Fritz Byers_

Fritz Byers, Ohio Bar No. 0002337
The Spitzer Building, Suite 824
520 Madison Avenue
Toledo, OH 43604-1343
Telephone: 419-241-8013
Fax: 419-241-4215
fbyers@cisp.com

David D. Cole (D.C. Bar No. 438355)
Georgetown University Law Center
600 New Jersey Avenue N.W.
Washington, D.C. 20001
Telephone: (202) 662-9078
Email: Cole@law.georgetown.edu

Lynne Bernabei (D.C. Bar No. 938936)
Alan R. Kabat (D.C. Bar No. 464258)
Bernabei & Wachtel, PLLC
1775 T Street, N.W.
Washington, D.C. 20009-7124
Telephone: (202) 745-1942
Fax: (202) 745-2627
Email: Bernabei@bernabeipllc.com;
Kabat@bernabeipllc.com

Hina Shamsi (N.Y. Bar No. 2995579)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 519-7886
Fax: (212) 549-2583
Email: hshamsi@aclu.org

Jeffrey M. Gamso (Ohio Bar No. 0043869)
Carrie L. Davis (Ohio Bar No. 0077041)
American Civil Liberties Union of Ohio
Foundation, Inc.
4506 Chester Avenue
Cleveland, Ohio 44103-3621
Telephone: (216) 472-2220
Fax: (216) 472-2210
Email: jmgamso@acluohio.org

*Counsel for KindHearts*